IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| JEFFERY B. SANFORD, #143 575 | * | |
| Plaintiff, | * | |
| v. | * | 3:06-CV-327-MHT |
| | | (WO) |
| LEE COUNTY DETENTION CENTER, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, filed this 42 U.S.C. § 1983 action on April 11, 2006. He alleges that the conditions of confinement in the Lee County Detention Center violate his constitutional rights. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against the detention center prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

Plaintiff names the Lee County Detention Center as a defendant in this cause of

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

action. A county detention facility is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's complaint against the Lee County Detention Center is due to be dismissed. *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Lee County Detention Center be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Lee County Detention Center be DISMISSED as a party to this action;

3. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 1, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 17th day of April 2006.

                                  **/s/ Delores R. Boyd**
                                  DELORES R. BOYD
                                  UNITED STATES MAGISTRATE JUDGE